THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| JANIE M. CLOWER | * | CIVIL ACTION NO. 05-1876 |
| VERSUS | * | JUDGE JAMES |
| WEST COAST LIFE INSURANCE COMPANY, MATRIX DIRECT INSURANCE SERVICES, and LAUREN FORD SPILLERS | * | MAGISTRATE JUDGE HAYES |

### MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Remand[1] filed by Plaintiff, Janie M. Clower ("Clower") (Doc. No. 10). Defendants West Coast Life Insurance Company ("West Coast Life") and Matrix Direct Insurance Services ("Matrix") (collectively "Removing Defendants") oppose Clower's motion. After review of the law and the evidence submitted by each side, for the reasons stated below, the undersigned finds that jurisdiction in this court is proper. Plaintiff's Motion to Remand is therefore **DENIED.**

### STATEMENT OF FACTS

Clower filed suit against Removing Defendants and Lauren Ford Spillers ("Spillers") on September 27, 2005, in the Thirty-Seventh Judicial District Court for the Parish of Caldwell, State of Louisiana, seeking to recover proceeds of a life insurance policy allegedly issued by West Coast Life. On October 27, 2005, pursuant to 28 U.S.C. § 1441, Removing Defendants

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

1

removed the case to this Court, claiming that Spillers, the only non-diverse defendant, was "fraudulently" or "improvidently" joined solely to destroy diversity jurisdiction.[2] Clower denies the errors and motives Removing Defendants associate with her joinder of Spillers.

Although the record is not completely developed and contains several disputed facts, a brief summary is appropriate. On June 17, 2004, Clower's husband, James K. Clower, II, applied for a $500,000 life insurance policy with West Coast Life, naming Clower as the sole beneficiary. As is customary with life insurance, West Coast Life required James Clower to submit to a medical examination. On June 24, 2004, Spillers, a nurse-medical examiner employed by Exam One Bottrell Agency ("Exam One"), arrived at the Clowers' home to perform the required examination. After performing the examination and completing the necessary paperwork, Spillers collected James Clower's application, attached the examination forms, and forwarded the entire packet to West Coast Life.

James Clower died on December 15, 2004, and his wife filed a claim for benefits with West Coast Life on March 17, 2005. On June 3, 2005, West Coast Life notified Clower that her claim was denied because no policy had ever been issued. Clower then filed this suit in state court, alleging that Spillers, at the end of the examination, assured the Clowers that the policy became effective upon submission of the first premium payment and that West Coast Life failed

---

[2] Section 1441(b) provides:
Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*
28 U.S.C. § 1441(b) (emphasis added).

to provide notice that James Clower's application had been denied.

## LAW AND ANALYSIS

Because subject matter jurisdiction in this case is premised on 28 U.S.C. § 1332(a)(1), complete diversity must exist between all plaintiffs and all defendants; no plaintiff can be a citizen of the same state as any defendant. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-4 (1978). It is undisputed that Spillers, a defendant, is a citizen of Louisiana and thus destroys diversity. However, Removing Defendants claim that Spillers should be disregarded for the purpose of determining jurisdiction because she has been improperly joined. *See* 28 U.S.C. § 1359; *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (2004) (en banc), *cert. denied*, 544 U.S. 992 (2005).

Improper joinder can be established two ways: (1) proof of actual fraud in the pleading of jurisdictional facts, or (2) proof of the plaintiff's inability to establish a cause of action against the non-diverse defendant in state court. *See Smallwood*, 385 F.3d at 573. Removing Defendants concede that improper joinder in this case exists, if at all, under the second method. Accordingly, they must demonstrate that "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

When deciding whether a plaintiff could possibly recover against an in-state defendant, a district court may conduct a narrow or broad inquiry. The narrow inquiry resembles "a 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant," while the broad inquiry

is more akin to summary judgment in which the court may "pierce the pleadings" and look to depositions, affidavits, and other evidence. *See id.* Which inquiry to utilize is wholly within a district court's discretion; however, the United States Court of Appeals for the Fifth Circuit has cautioned courts about unnecessarily performing a summary inquiry:

> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

*Id.* at 573-4.

Regardless of which inquiry a district court chooses, the removing party alleging improper joinder bears a heavy burden of proof. *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). "[T]he district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (quoting *B., Inc.*, 663 F.2d at 549). Any ambiguities in the controlling state law must also be resolved in the plaintiff's favor. *Id.* Lastly, to determine whether jurisdiction is present for removal, a court must consider the claims in the state court petition as they existed at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

A review of Clower's petition reveals that her sole theory of recovery against Spillers rests on Spillers' status "as an agent of and/or employee of Matrix Direct Insurance Services," one of the Removing Defendants.[3] However, considering the facts in the light most favorable to Clower, and resolving all factual disputes in her favor, there is no evidence to support such a claim. It is undisputed that Spillers was exclusively employed as a nurse examiner for Exam One, received payment only from Exam One, and was not a licensed insurance agent. Spillers' Dep., p.5, 10, 55. Although Clower first stated in an affidavit that Spillers had represented that she was employed by and acting on behalf of Matrix, Clower later testified in deposition that she and her husband had never asked Spillers about her employer, nor did Spillers ever volunteer such information.

The only evidence that could possibly be construed as supporting Spillers' status as an employee or agent of Matrix is her alleged assurance to the Clowers that James Clower was insured as of the day of the examination. Assuming *arguendo* that Spillers gave this assurance, it is insufficient to establish her role, under Louisiana agency law, as an agent of Matrix. *See generally* La. Civ. Code Ann. art. 2989-3015. Furthermore, even if it did, Spillers, as an agent, would not be properly named as a party to the suit; rather, Clower would be seeking to recover from Matrix, Spillers' principal. Lastly, Spillers' alleged assurance is even less supportive of a claim against her personally than as an agent of Matrix. *See* La. Civ. Code. Ann. art. 3016-3019. While Clower made a conclusory allegation that Spillers acted as an agent or employee of Matrix, the undisputed facts totally refute this allegation. Although a court must be cautious in

---

[3] In her motion, Clower raises detrimental reliance as another theory of recovery against Spillers. As stated above, the Court's review of a motion to remand is limited to the claims in the state court petition as they existed at the time of removal. While it appears unlikely that a detrimental reliance claim, even if added to the petition by way of amendment, would preclude removal, the Court need not consider the matter in connection with this motion.

conducting a summary inquiry in the context of a motion to remand, the facts discussed above are exactly the type of "discrete facts" that the Fifth Circuit intended summary inquiries to reveal. *See Smallwood*, *Id.* at 573-4. The Court finds that there is no reasonable basis for predicting that Clower could recover against Spillers; therefore, Spillers was improperly joined, and Clower's Motion to Remand (Doc. No. 10) is **DENIED.**

**THUS DONE AND SIGNED** this 8th Day of May, 2006, in Monroe, Louisiana.

H:\Insurance\05-1876.050406.memruling.klh.wpd

KAREN L. HAYES
U. S. MAGISTRATE JUDGE